**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**DERROW PETERSON,**

      **Petitioner,**

**v.**                            **Case No. 3:17cv147-LC/CAS**

**JULIE L. JONES,**

      **Respondent.**

                       /

## REPORT AND RECOMMENDATION

On February 27, 2017, Derrow Peterson, a state prisoner proceeding

pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.   ECF No. 1.   He has also filed a "Motion Requesting Court to

Accept 'Place Holder' 28 U.S.C. § 2254 Petition/Request Leave to Amend

After Exhausting State Remedies."   ECF No. 2.   In his § 2254 petition,

Peterson indicates he challenges his judgment and sentence entered

February 26, 2016, by the First Judicial Circuit, Escambia County, Florida,

in case number 2015-CF-000161A, following his entry of a nolo contendere

plea.   ECF No. 1 at 1.   He states he did not file a direct appeal.   *Id*.   He

also states he has not filed any other petitions, applications, or motions

concerning this judgment in any state court.   *Id*. at 2, 12.   He lists no

grounds in the § 2254 petition; rather, he states "[b]y leave of the Court to

amend at a later date."  *Id.* at 5.   He also states he has not raised any

grounds in state court as he is "perfecting postconviction motion now."  *Id.*

at 11; *see* ECF No. 2.

It is well established that a federal court will not consider a state

prisoner's § 2254 petition for a writ of habeas corpus unless the inmate has

first exhausted all available state court remedies.   28 U.S.C. § 2254(b).

The exhaustion requirement is based on the principles of comity and

federalism, to ensure that state courts have the first opportunity to correct

alleged federal constitutional errors raised by state prisoners.   Duncan v.

Henry, 513 U.S. 364, 365-66 (1995).

In this case, Petitioner states he has yet not raised any claims in state

court and he requests the Court essentially stay his federal case pending

his exhaustion of the claims in state court.   ECF Nos. 1 and 2.   The Court

finds, however, the proper course is dismissal of this petition without

prejudice to his right to timely file another § 2254 petition after he exhausts

his state court remedies.   *See* Rhines v. Weber, 544 U.S. 269, 277 (2005).

Petitioner is cautioned that, under the Anti-Terrorism and Effective

Death Penalty Act (AEDPA), there is a one-year limitations period for filing

a § 2254 petition.   28 U.S.C. § 2244(d)(1).   The period generally runs

from "the date on which the judgment became final by the conclusion of

direct review or the expiration of the time for seeking such review," though

there are later commencement dates.   *Id.* § 2244(d)(1)(A).[1]   The

limitations period is tolled for the time during which a "properly filed"

application for relief is pending in state court.   *Id.* § 2244(d)(2).   The time

may be equitably tolled, but "only if a petitioner establishes *both*

extraordinary circumstances and due diligence."   Diaz v. Sec'y for Dep't of

Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, if, as he indicates in his petition, Peterson did not file a

direct appeal of his judgment and sentence entered February 26, 2016,

then his judgment became final for AEDPA purposes on Monday, March

28, 2016, when the time for filing a direct appeal expired.   *See* Fla. R. App.

P. 9.140(b)(3) (allowing 30 days to appeal from rendition of written order

imposing sentence).   The one-year AEDPA limitations period will end one

---

[1]Later dates which may commence the limitations period are the date on which (1) an
unconstitutional impediment which prevented the applicant from filing is removed; (2)
the constitutional right asserted was recognized by the United States Supreme Court
and made retroactive on collateral review; and (3) the factual predicate for the claim
could have been discovered by due diligence.   28 U.S.C. § 2244(d)(1)(B)-(D).

year after that day, on March 28, 2017.    *See, e.g.*, <u>Downs v. McNeil</u>, 520

F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to

"anniversary method"); <u>Ferreira v. Sec'y, Dep't of Corr.</u>, 494 F.3d 1286,

1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).    *See also,*

*e.g.,* <u>Hutchinson v. State of Fla.</u>, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In

order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file

his state collateral petition before the one-year period for filing his federal

habeas petition has run."); <u>Tinker v. Moore</u>, 255 F.3d 1331, 1335 n.4 (11th

Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that

a properly and timely filed petition in state court only tolls the time

remaining within the federal limitation period.").

Finally, the Court notes that Petitioner will have an opportunity to file

objections to this Report and Recommendation and, if the Report and

Recommendation is adopted, he will have an opportunity to appeal.

**Petitioner is advised, however, that the time during which this federal**

**habeas corpus petition is pending does not toll the one-year AEDPA**

**limitations period for filing a § 2254 petition.**    *See* <u>Duncan v. Walker</u>,

533 U.S. 167, 181-82 (2001).

It is therefore, respectfully **RECOMMENDED** that Petitioner's motion

(ECF No. 2) be **DENIED** and this § 2254 petition (ECF No. 1) be

**DISMISSED without prejudice, except as to any application of the**

**federal statute of limitations or other federal procedural bar, for lack**

**of exhaustion.**

**IN CHAMBERS** at Tallahassee, Florida, on March 6, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**